UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHERRIE J. RUEL, as administrator of
the Estate of MARK A. RUEL, deceased,
and individually and as parent and natural
guardian of A.R., a minor,

                      Plaintiff,

        -against-                                1:12-CV-0417 (LEK/RFT)

NEAL McGRATH; *et al.*,

                      Defendants.

## **MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Sherrie J. Ruel ("Plaintiff"), a New Hampshire resident, commenced this action on March 7, 2012, seeking compensation for the pain, suffering, and death of her husband, Mark A. Ruel. Dkt. No. 1 ("Complaint"); see Dkt. No. 73 ("Amended Complaint"); Am. Compl. ¶ 17. Defendant William J. Mullis, a resident of Florida and North Carolina, and Defendants Associated Automotive Enterprises, Inc., and Bill Mullis Enterprises, Inc., Florida corporations (collectively with William J. Mullis, the "Mullis Defendants"), have moved pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss all claims against them for lack of personal jurisdiction. Am. Compl. ¶¶ 27-29; Dkt. Nos. 89; 91 (collectively, "Motion"). For the following reasons, the Motion is denied.

**II.    BACKGROUND**[1]

On April 25, 2010, Mark Ruel, then 40 years old, died after the malfunctioning rear gate and ramp of a trailer fell on him. Am. Compl. ¶¶ 2-4, 5-6. The trailer was on the grounds of a motocross competition in Wallkill, New York, and contained an all-terrain vehicle ("ATV") to be used by Mark's son, A.R., in the competition. Id. ¶¶ 2-3. Defendants Neal McGrath, Edward C. McGrath, and McGrath Motorsports, Inc. (collectively, the "McGrath Defendants"), operated, maintained, and controlled the trailer. Id. ¶ 3. The McGrath Defendants and Defendants Bruce Gaspardi, Sr., Bruce Gaspardi, Jr., and South Side Sales & Service, Inc. (collectively, the "Gaspardi Defendants") tried to fix the trailer's ramp and gate on April 24, 2010,[2] but were unsuccessful. Id. ¶ 6. Defendants did not warn or notify Mark Ruel of the malfunction. Id. ¶ 7.

Plaintiff, Mark's widow, filed suit against the McGrath and Gaspardi Defendants on March 7, 2012.[3] Compl. On June 24, 2013, with the Court's permission, Plaintiff filed an Amended Complaint that, among other things, added the Mullis Defendants. Am. Compl.; see Dkt. Nos. 66-1;

---

[1] Because this case is before the Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), uncontroverted allegations in Plaintiff's Amended Complaint are taken as true and factual conflicts in the parties' affidavits are resolved in Plaintiff's favor. See Seetransport Wilking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572, 580 (2d Cir. 1993) (quoting Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990)).

[2] The Amended Complaint alleges that the repair attempt occurred on "Saturday, April 25, 2010," Am. Compl. ¶ 6; however, April 25, 2010, was a Sunday. In light of the Amended Complaint's allegations that the repair had not been completed by the morning of April 25, 2010, and that the ramp and gate fell on Mark Ruel at approximately 8:00 A.M. on April 25, 2010, the Court infers that Saturday, April 24, 2010, is the intended alleged date of the repair attempt.

[3] The Complaint also named as Defendants Kibbi, LLC; Kibbi, LLC d/b/a Renegade; and Kibbi, LLC, as successor in interest of McKibbin Enterprises, Inc. (collectively, "Kibbi Defendants"). Compl. The Kibbi Defendants were dropped from the action by a stipulation of all the parties filed with the Court on October 26, 2012. Dkt. No. 40.

2

66-6. In brief, the Amended Complaint alleges that the malfunctioning trailer bore dealer plates registered to the Mullis Defendants, that the Mullis Defendants had an ownership interest in and had modified or customized the trailer, including its gate and ramp, and that the Mullis and McGrath Defendants, through brothers-in-law Defendant William J. Mullis and Edward C. McGrath, conspired to conceal these facts and the trailer's malfunction. See Am. Compl. ¶¶ 48-52, 57-59, 83, 87, 91-92, 95-96. The McGrath and Gaspardi Defendants filed Answers including cross-claims against each other and the Mullis Defendants. See Dkt. Nos. 81 ("McGrath Answer"); 88 ("Gaspardi Answer"). The Mullis Defendants appeared on July 31, 2013, and filed a Motion to Dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction on August 5, 2013. Dkt. No. 87; Mot. That Motion is now before the Court.

### III. LEGAL STANDARD

For the Court to exercise personal jurisdiction over the Mullis Defendants in this diversity action, Plaintiff must establish that: (1) the laws of the relevant forum state provide for such jurisdiction; and (2) the exercise of such jurisdiction by the Court would not violate the Due Process Clause of the U.S. Constitution. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (Sotomayor, J.); see also FED. R. CIV. P. 4(k)(1)(A) ("Serving a summons . . . establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."). The parties agree that the relevant forum state is New York. See Dkt. Nos. 91-1 ("Mullis Memorandum") at 4; 96 ("Plaintiff's Response") at 1; 98 ("Gaspardi Response") at 2. Where, as here, a plaintiff faces a Rule 12(b)(2) motion before any discovery has taken place between the relevant parties, she "need only allege facts constituting a prima facie showing of personal jurisdiction" to sustain her burden,

3

and all pleadings and affidavits are construed in her favor. PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1109 (2d Cir. 1997); see RVDirect.com v. Worldwide RV, No. 10-CV-0701, 2010 WL 5391535, at *2 (N.D.N.Y. Dec. 21, 2010) (Kahn, J.). Moreover, the pre-discovery *prima facie* showing "may be established solely by allegations" pleaded in good faith; only after discovery must a plaintiff's *prima facie* showing be factually supported. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).

## IV. DISCUSSION

### A. Personal Jurisidiction Under New York Law

Plaintiff and the Gaspardi Defendants assert that the Court has jurisdiction over the Mullis Defendants under New York's long-arm statute and its vehicle and traffic laws. See Pl.'s Resp. at 1 (citing N.Y. C.P.L.R. 302(a)(3)(ii) and N.Y. VEH. & TRAF. LAW §§ 253, 388); Gaspardi Resp. at 2 (same). Section 253 of New York's Vehicle and Traffic Law[4] is a non-resident motorist statute granting New York courts, including New York Supreme Court—and thus the federal district courts located in New York, by operation of Federal Rule of Civil Procedure 4(k)(1)(A)—personal jurisdiction over a defendant who is properly served under that section. See, e.g., Davis v. Trey, 589 N.Y.S.2d 563, 564 (App. Div. 1992).

Section 253 reads, in relevant part:

The use or operation . . . in this state of a vehicle owned by a non-resident if so used or operated with his permission, express or implied, shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision . . . in which such vehicle may be involved while being used or operated in this state . . . with the permission, express or implied, of such non-resident owner; and such use or operation shall be deemed a signification of his agreement that

---

[4] Formerly § 52. See Kohler v. Derderian, 187 F. Supp. 173, 174 & n.1 (S.D.N.Y. 1960).

4

any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues . . . .

N.Y. VEH. & TRAF. LAW § 253(1); see also id. § 388(1) (establishing vehicle owner's liability for negligent operation by authorized user). The term "vehicle" in the statute includes trailers "whether or not such vehicles are used or operated upon a public highway." Id. § 253(3); accord id. § 388(2); see id. § 156 (defining "trailer"). Moreover, the "use or operation" of a vehicle "has not been limited to situations where the vehicle is in motion" and includes activities such as "loading and unloading." Argentina v. Emery World Wide Delivery Corp., 715 N.E.2d 495, 497 (N.Y. 1999) (reviewing joint legislative history of N.Y. Vehicle and Traffic Law §§ 253 and 388); cf. Elfeld v. Burkham Auto Renting Co., 87 N.E.2d 285, 291 (N.Y. 1949) (holding that when the legal user of a defective truck places that truck at the disposal of another, the registered owner of the truck can be held liable for negligence in operation under § 59 (now § 388) of N.Y. Vehicle and Traffic Law). Proof of ownership of a vehicle creates a presumption that the operator was using it with the owner's permission, see Tomac v. United States, 369 F.2d 350, 352 (2d Cir. 1966) (quoting Brindley v. Krizsan, 238 N.Y.S.2d 260, 261 (App. Div.), aff'd, 194 N.E.2d 688 (1963)), and a party who negligently or intentionally permits another to use her dealer plates on a vehicle, except in limited circumstances provided by statute, is estopped from denying ownership of that vehicle for liability purposes. See Reese v. Reamore, 55 N.E.2d 35, 37 (N.Y. 1944); Ciatto v. Lieberman, 769 N.Y.S.2d 48, 51 (App. Div. 2003).

Here, Plaintiff alleges that the trailer bore dealer plates registered to at least one of the Mullis Defendants and specifically that Defendant William Mullis had an ownership interest in the malfunctioning trailer. Am. Compl. ¶¶ 30, 43-44. Plaintiff further alleges that the McGrath

Defendants operated, maintained, and controlled the trailer on the competition grounds in Wallkill, New York. Id. ¶ 3. Thus, Plaintiff's allegations establish a *prima facie* showing that the McGrath Defendants were operating the trailer with the Mullis Defendants' permission. See Tomac, 369 F.2d at 352; Reese, 55 N.E.2d at 37. Accordingly, § 253 of New York Vehicle and Traffic Law permits the exercise of personal jurisdiction over the Mullis Defendants for torts involving the operation of the trailer by the McGrath Defendants in New York. The Mullis Defendants have not claimed that Plaintiff's service under § 253 was defective. See generally Mullis Mem.; Dkt. No. 100 ("Reply").[5] Plaintiff therefore has made a sufficient threshold showing of the Court's personal jurisdiction over the Mullis Defendants.

**B. Exercise of Personal Jurisdiction Under the Due Process Clause**

The exercise of jurisdiction under non-resident motorist statutes such as New York Vehicle and Traffic Law § 253 has long been held constitutional so long as the defendant receives notice. See Kohler v. Derderian, 187 F. Supp. 173, 175-177 (S.D.N.Y. 1960) (citing, inter alia, Wuchter v. Pizzutti, 276 U.S. 13 (1928); Hess v. Pawloski, 274 U.S. 352 (1927)); see also Kennelly v. Second Transp. Co., 173 F. Supp. 247, 247-49 (S.D.N.Y. 1959). Here, the Mullis Defendants received notice and appeared in the action to contest jurisdiction. Because Plaintiff's allegations establish a *prima facie* showing of personal jurisdiction under New York Vehicle and Traffic Law § 253 sufficient to defeat the Mullis Defendants' pre-discovery Rule 12(b)(2) Motion, the Court need not

---

[5] The Mullis Defendants' only argument regarding personal jurisdiction under New York Vehicle and Traffic Law § 253 appears to be that Plaintiff has not introduced admissible evidence sufficient to support her jurisdictional allegations. See Reply at 1-3. Plaintiff is not required to introduce such evidence to defeat a pre-discovery Rule 12(b)(2) motion, which "assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency." Ball, 902 F.2d at 197; see supra Part III.

and does not address Plaintiff's alternative basis of personal jurisdiction under New York Civil Practice Law and Rules 302(a)(3)(ii).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Mullis Defendants' Motion (Dkt. Nos. 89; 91) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: November 13, 2013
Albany, NY

Lawrence E. Kahn
U.S. District Judge